IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HORIZON AG-PRODUCTS,

    Plaintiff,

vs.                                                                          No. CIV 09-1109 JB/DJS

PRECISION SYSTEMS ENGINEERING,
INC., MICHAEL MCMULLIN, RICHARD
TODD, BRENT MAXWELL, and
CONVEYORS AND EQUIPMENT, INC.,

    Defendants,

and

PRECISION SYSTEMS ENGINEERING,
INC., MICHAEL MCMULLIN, RICHARD
TODD, and BRENT MAXWELL,

    Counter-Claimants.

vs.

HORIZON AG-PRODUCTS,

    Counter-Defendant.

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** comes before the Court on the Defendants' Motion to Lift Discovery Stay for a Limited Purpose and Compel Production of Two Discrete Categories of Documents Identified During the Deposition of Bryant Casto, filed May 4, 2011 (Doc. 135). The Court a held hearing on May 4, 2011. The primary issues are: (i) whether the Court should lift its stay on discovery to allow Defendant Precision Systems Engineering, Inc. ("PSE") to discover databases or spreadsheets in

1

which Plaintiff Horizon AG-Products enters data daily about production rates and conditions at the plant; and (ii) whether the Court should allow PSE to discover meeting minutes from Horizon-AG's in-house project update meetings. For the reasons stated at the hearing on the record, the Court will order Horizon AG to produce the databases or spreadsheets within ten days of the May 4, 2011 hearing. Horizon AG may redact the spreadsheets to show information about the Cuba, New Mexico plant only, and not other facilities. The Court will give Horizon AG's attorney until the night of May 9, 2011, to secure and review the minutes, and ten days from the May 4, 2011 to produce the minutes, which will be treated as highly confidential under the protective order and, additionally, for attorney's eyes only at this time. If the minutes that post-date PSE's involvement are of the same character as the earlier minutes, they will need to be produced; if however Horizon AG believes that they are of a different character, it may approach the Court for further guidance. The purpose of the stay was in large part to preserve the Defendants' insurance funds. Requiring Horizon AG to produce materials, however, does not deplete the Defendants' insurance funds, other than perhaps review costs and the costs incurred from resolving discovery disputes.

**IT IS ORDERED** that the Defendants' Motion to Lift Discovery Stay for a Limited Purpose and Compel Production of Two Discrete Categories of Documents Identified During the Deposition of Bryant Casto, filed May 4, 2011 (Doc. 135), is granted in part as set forth above.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Christopher P. Bauman
Brian G. Grayson
Bauman, Dow & Leon, P.C.
Albuquerque, New Mexico

-- and --

David W. Elrod
Brian A. Farlow
Elrod, PLLC
Dallas, Texas

    *Attorneys for the Plaintiff*

Roger E. Michener
Peacock Myers PC
Albuquerque, New Mexico

-- and --

Ross L. Crown
Lewis and Roca, LLP
Albuquerque, New Mexico

-- and --

D. Douglas Metcalf
Jeffrey L. Sklar
John Hinderaker
Lewis and Roca, LLP
Tucson, Arizona

    *Attorneys for Defendant Precision Systems Engineering, Inc.*

Ross L. Crown
Lewis and Roca, LLP
Albuquerque, New Mexico

    *Attorney for Defendants Michael McMullin, Richard Todd, and Brent Maxwell*